UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK BROWN, K77441,

Plaintiff,

v.

EFRAIN GONZALEZ,

Defendant(s).

Case No. 26-cv-01732-CRB  (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Patrick Brown, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that defendant Efrain Gonzalez, a Prison Industry Authority (PIA) employee at CTF, subjected plaintiff to "unnecessary/excessive use of force on July 16, 2025."  ECF No. 1 (Compl.) at 7.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

B.    Legal Claims

Plaintiff alleges that defendant subjected him to "unnecessary/excessive use of force" when on July 16, 2025, defendant approached plaintiff without any warning and/or justification and "violently grabbed a bottle of mug rootbe[e]r soda" out of plaintiff's hand "with extreme force," and turned to other prisoners and said, "'This is how I treat my whores!'" ECF No. 1 at 7 (emphasis in original).

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.

But not every malevolent touch or other use of force by a correctional officer gives rise to a federal cause of action. Id. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. A prisoner who complains of a push or shove or other de minimis use of force that causes no discernable injury almost certainly fails to state a valid excessive force claim. Id.

Plaintiff's allegations that without warning or justification defendant violently grabbed a bottle of soda from plaintiff's hand suggest no more than a de minimis use of force by defendant insufficient to state a valid excessive force claim under the Eighth Amendment. See id. And plaintiff's conclusory allegation that defendant grabbed the bottle "with extreme force" does not compel a different conclusion. But in an abundance of caution, plaintiff will be afforded an opportunity to amend to set forth specific allegations showing that the force used by defendant was more than de minimis, if possible. Specific allegations of the extent of injury suffered by plaintiff, if any, may provide some indication of the amount of force applied and possibly support

2

a plausible claim of use of force by defendant that was more than de minimis. See Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010).

### CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated:  April 22, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3