United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BROWN, K77441,<br>Plaintiff,<br>v.<br>EFRAIN GONZALEZ,<br>Defendant(s). | Case No. 26-cv-01732-CRB (PR)<br>**ORDER OF SERVICE**<br>(ECF No. 7) |

Plaintiff Patrick Brown, a state prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se First Amended Complaint under 42 U.S.C. § 1983 alleging that defendant Efrain Gonzalez, a Prison Industry Authority (PIA) employee at CTF, subjected plaintiff to "unnecessary/excessive use of force and discrimination on July 16, 2025." ECF No. 7 (FAC) at 7.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that defendant subjected him to "unnecessary/excessive use of force" and "discrimination" when on July 16, 2025, defendant approached plaintiff without any warning and/or justification and "violently grabbed a bottle of mug rootbe[e]r soda" out of plaintiff's hand "with extreme force," and turned to other prisoners and said, "'This is how I treat my whores!'" ECF No. 7 at 7 (emphasis in original). Plaintiff claims he was targeted by defendant unnecessarily and because plaintiff "is identified as a gay incarcerated person," as evidenced by defendant's "my whores" comment and telling other prisoners as plaintiff walked by about an hour later, "'I've got to use my soft skills for this one (referring to [p]laintiff being gay)!'" Id. at 7, 8 (emphasis in original).

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.

But not every malevolent touch or other use of force by a correctional officer gives rise to a federal cause of action. Id. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. A prisoner who complains of a push or shove or other de minimis use of force that causes no discernable injury almost certainly fails to state a valid excessive force claim. Id.

In its screening order of plaintiff's original complaint, the court explained that plaintiff's allegations that without warning or justification defendant violently grabbed a bottle of soda from plaintiff's hand "suggest no more than a de minimis use of force by defendant insufficient to state a valid excessive force claim under the Eighth Amendment" and that plaintiff's conclusory

allegation that defendant "grabbed the bottle 'with extreme force' does not compel a different conclusion." ECF No. 5 (Apr. 22, 2026, Order) at 2 (citing Hudson, 503 U.S. at 9). But in an abundance of caution, plaintiff was afforded an opportunity to amend "to set forth specific allegations showing that the force used by defendant was more than de minimis, if possible." Id. Plaintiff therefore now adds in the FAC that the force used by defendant to grab the can of soda out of plaintiff's hand caused plaintiff "sharp pain" in his wrist for which he had to take Ibuprofen for several days and that he was so shaken up by the incident that he had to seek "mental health therapy." ECF No. 7 at 4, 5. Although unfortunate, plaintiff's alleged wrist pain and emotional distress from defendant violently grabbing a bottle of soda from plaintiff's hand still suggest no more than a de minimis use of force by defendant insufficient to state a valid excessive force claim under the Eighth Amendment. See Hudson, 503 U.S. at 9 (de minimis use of force that causes no discernable injury generally fails to state valid excessive force claim ); see also 42 U.S.C. § 1997e(e) (no federal action may be brought by prisoner for mental or emotional injury suffered while in custody without showing of physical injury). Plaintiff's allegations of excessive use of force are dismissed for failure to state a claim under § 1983.

But liberally construed, plaintiff's allegations that defendant discriminated against/targeted plaintiff because plaintiff is an openly gay prisoner appear to state an arguably cognizable § 1983 claim against defendant for intentional denial of equal protection. See Romer v. Evans, 517 U.S. 620, 631-36 (1996) (recognized class of "gays and lesbians" is protected from discrimination by Equal Protection Clause of 14th Amendment).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served:

   a. Efrain Gonzalez, PIA, at CTF.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative FAC (ECF No. 7), this order of service, a CDCR

Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall file with the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon the filing of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out

in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence

United States District Court
Northern District of California

may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Rule 41(b).

**IT IS SO ORDERED**.

Dated: July 28, 2026

CHARLES R. BREYER
United States District Judge